IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL MYERS,

        Plaintiff,                         CV F 04 5166 OWW SMS (YNP) P

   vs.                                  <u>FINDINGS AND RECOMMENDATION</u>

DR. LOAIZA, et al.,

        Defendants.

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff, an inmate in the custody of the California Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against defendant correctional officials employed by the Department of Corrections at SATF. Plaintiff claims that defendants subjected him to constitutionally inadequate medical

care. Plaintiff names the following individual defendants: Doctor Loaiza; Medical Technical Assistant (MTA) Dulay; MTA Moore, Warden Derral Adams.[1]

Plaintiff's allegations stem from a medical transfer to Corcoran in October of 2002 from Salinas Valley State Prison. While at SVSP, plaintiff was in the Correctional Treatment Center (CTC). Plaintiff had undergone surgery, and needed periodic dressing changes. Plaintiff alleges that he underwent surgery for decubitus. The Registered Nurse that saw plaintiff upon his arrival refused to send plaintiff to the CTC. On the day of his arrival at SATF, plaintiff was seen by MTA Dulay. Dulay refused to see plaintiff, and told him to see MTA Moore, "as she does doctor's line."

As to defendant Warden Adams, liability may be imposed on supervisory defendants (such as Adams) under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any factis indicating that defendant Adams participated in, or knew of and failed to prevent, the alleged wrongs.

Accordingly, IT IS HEREBY RECOMMENDED that defendants Adams be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)IT IS SO ORDERED.

**Dated:   May 23, 2005**              **/s/  William M. Wunderlich**

---

[1] Concurrent with this order, the court is directing service of process upon defendants Moore, Dulay and Loaiza.

mmkd34                              UNITED STATES MAGISTRATE JUDGE