IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


NATHANIEL O'SHEA MYERS,

      Plaintiff,                 CV F 04 5166 OWW WMW   P

  vs.                              _____ORDER RE MOTION (DOCS 45, 46, 55)


AUGUSTO LOAIZA, et al.,

      Defendants.


      Plaintiff has filed a request for an extension of time in which to complete discovery.  Plaintiff complains of delays in the processing of his legal mail.  Plaintiff refers generally to a request for interrogatory "that all defendants produce and permit Plaintiff inspection and copying of the documents and/or inspection, photographing, testing of tangible described forthcoming if and when this court deems at appropriate items medical records, photos, dates and times of schedule and post."

      The court finds this description to be vague and overbroad.  Plaintiff does not identify any particular discovery in the control of any named individual defendant that he sought by way of interrogatory or request for production of documents on a particular date.  Vague complaints of delay in the mail are insufficient.

      Further, Defendant's motion for summary judgment is pending.  Plaintiff has opposed the motion.  Federal Rule of Civil Procedure 56(f) governs continuance of the motion

for summary judgment in order to conduct discovery.  In order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).  "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir.  1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)).  The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.  Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Plaintiff has not met this standard.  The discovery request noted above does not include the specific facts that are essential to resist the summary judgment motion.  The motion does not link the requested discovery to specific claim s in the amended complaint.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for an extension of time in which to complete discovery is denied.

IT IS SO ORDERED.

**Dated:    December 18, 2006**            **/s/  William M. Wunderlich**
mmkd34                                  UNITED STATES MAGISTRATE JUDGE

2